# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELA WALKER, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:13-CV-02046-RDP |
| SELECT MEDICAL REHABILITATION SERVICES, INC., | } |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss. (Doc. # 6). The Motion has been fully briefed. (Docs. # 12 and 13). After careful review, the court concludes that the motion is due to be granted in part and denied in part.

Plaintiff's Complaint contains four counts. In Counts I and II, Plaintiff alleges that she was constructively discharged because of her race in violation of Section 1981 and Title VII. In Counts III and IV, she alleges that she was retaliated against in violation of Section 1981 and Title VII. (Doc. # 1).

A.   **Overview of Plaintiff's Claims**

As to her constructive discharge claim, Plaintiff alleges that she was faced with a situation where she had to resign or be fired. Specifically, she claims that her work schedule with defendant for the period December 14, 2012 through January 24, 2013 would have conflicted with another job she recently had obtained. She requested that she be moved to a part-time position, which would have alleviated the problem. Further, she alleges that other, similarly situated Caucasian employees were allowed to change to part-time in order to accommodate other jobs they held. Plaintiff resigned

when Defendant did not respond to her request to return to part time and she feared she would be fired if she missed her shifts with Defendant to work her shifts at her new job.  (Docs. # 1, 12).

As to her retaliation claim, Plaintiff alleges that, after she filed an EEOC charge regarding her alleged constructive discharge claim, she was barred her from Defendant's workplace, where she also worked for her other employer, which caused her other employer to transfer her to other, more distant hospitals less convenient to her and which cost more in gas to travel.  (Doc. # 12).

**B.**     **Standard of Review**

As a general matter, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  However, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  To survive Defendant's Motion, the allegations of Plaintiff's Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*

A plaintiff may establish a prima facie case of discrimination through direct evidence or circumstantial evidence. *Dixon v. Hallmark Cos.*, 627 F.3d 849, 854–55 (11th Cir. 2010). When a plaintiff lacks direct evidence and must prove discrimination circumstantially, we evaluate the claims using the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

"Even where direct evidence of discrimination exists, [a plaintiff] must present evidence of an adverse employment action." *Van Voorhis v. Hillsborough County Bd. of County Com'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1230 n. 34 (11th Cir. 2001). To prove an adverse employment action,[1] an employee must show "a serious and material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Under this standard, the employee's subjective view of the significance and adversity of the employer's action is not controlling. *Id.* Instead, the employment action must be materially adverse as viewed by a reasonable person in the circumstances. *Id.* Generally, an adverse employment action involves a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Not all conduct by an employer that negatively affects an employee should be deemed an adverse employment action. *Davis,* 245 F.3d at 1238. The action must be more than "some de

---

[1] "'[D]iscrimination claims ... brought under ... 42 U.S.C. § 1981 [and] Title VII ... are subject to the same standards of proof and employ the same analytical framework.'" *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 901 n.11 (11th Cir. 2011) (quoting *Bryant v. Jones*, 575 F.3d 1281, 1296 n. 20 (11th Cir. 2009)).

minimis inconvenience or alteration of responsibilities." *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1452 (11th Cir. 1998). Additionally, while an adverse employment action need not result in a decrease in pay, "the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Davis,* 245 F.3d at 1239. As the Eleventh Circuit has pointed out, "'[N]ot everything that makes an employee unhappy is an actionable adverse action.'" *DeKalb County School District*, 145 F.3d at 1449 (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)).

### C.  Discussion of Plaintiff's Claims

The court discusses Plaintiff's constructive discharge and retaliation claims in turn.

#### 1.  Plaintiff's Constructive Discharge Claim

A "[c]onstructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009) (citations omitted). Whether an employee's working conditions were so intolerable is an *objective* question. *See Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1363 (11th Cir. 1994) ("A claim for constructive discharge requires the employee to demonstrate that the work environment and conditions were so unbearable that a reasonable person in that person's position would be compelled to resign.").

"The Eleventh Circuit has held that an employee's decision to resign in the face of possible termination is not a constructive discharge." *Graham v. Methodist Home for the Aging*, 2012 WL 3637587 * 20 (N.D. Ala. 2012) (citing *Rowell v. BellSouth Corp.*, 433 F.3d 794, 806 (11th Cir. 2005); *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995)). Furthermore, "[i]n this Circuit, a resignation will be considered voluntary as long as the plaintiff had a choice; it is of no

moment that the alternatives to resignation may be "unpleasant.'" *Alkhatib v. Steadman*, 2011 WL 5553775 *7, n.7 (S.D. Ala. 2011) (citing *Hargray*, 57 F.3d at 1568–69).  "A plaintiff cannot, as a matter of law, contend that she was discharged unless she can demonstrate that she had no objectively reasonable opportunity to remain employed." *Graham*, 2012 WL 3637587 at * 20. "Indeed, 'the possibility that a plaintiff may not remain employed is not by itself enough to place a reasonable person in the position of "quit or be fired."'" *Graham*, 2012 WL 3637587 at * 20 (quoting *Rowell*, 433 F.3d at 806).  "Resignations obtained in cases where an employee is faced with such unpleasant alternatives are nevertheless voluntary because the fact remains that plaintiff *had a choice*. Plaintiff could stand pat and fight." *Hargray*, 57 F.3d at 1568 (quoting *Christie v. United States*, 518 F.2d 584, 587 (1975)) (internal quotations omitted; emphasis in *Hargray*).

      Here, the conditions alleged by Plaintiff simply do not meet the high burden established by the Eleventh Circuit to establish a constructive discharge. *See, e.g., Poole v. Country Club of Columbus*, 129 F.3d 551, 553 (11th Cir. 1997) (reversing grant of summary judgment where plaintiff was "[s]tripped of all responsibility, given only a chair and no desk, and isolated from conversations with other workers"); *see also Wardwell v. Sch. Bd.*, 786 F.2d 1554, 1558 (11th Cir. 1986) (holding that no constructive discharge occurred where the female plaintiff was not given a promotion, the promotion went to a less-qualified male, and the plaintiff was given additional duties requiring her to work longer hours).  Plaintiff focuses on her purported choice to resign or be fired for violating Defendant's attendance policy.  However, she ignores the "other" obvious choice — she could have elected to miss her shifts with her new employer (or, for that matter, she could have chosen not to accept the new employment that created such a conflict in work shifts).  To be sure, Plaintiff's reasoning for choosing to work the other employer's shift may very well have been sound from a

logical standpoint: "Plaintiff could not miss shifts for Fresenius because it paid more than Defendant and she had benefits there." (Doc. # 1 at ¶ 13). However, that is not the point. As desirable as that option may have been, the fact remains that Plaintiff made *a choice*. That is, she chose to accept other employment that was in conflict with her obligations to work certain shifts for Defendant, and also chose to resign her employment with Defendant because she anticipated that she would be terminated for choosing to miss shifts with Defendant (rather than her new employer). Because Plaintiff had a choice, her resignation is considered voluntary. *See Hargray*, 57 F.3d at 1568–69; *Alkhatib*, 2011 WL at *7, n.7. Moreover, "[a] constructive discharge will generally not be found if the employer is not given adequate time to remedy the situation." *See Kilgore v. Thompson & Brock Mgmt., Inc.*, 93 F.3d 752, 754 (11th Cir. 1996). "Part of an employee's obligation to be reasonable is an obligation not to assume the worst, and not to jump to conclusions too fast." *Garner v. Wal-Mart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir. 1987). Nothing about the handling of Plaintiff's accusation would have *compelled* a reasonable person to resign. Certainly, the reasonable person could have chosen to quit. But neither life nor the law favor quitters — particularly quitters who migrate to greener pastures. And even if that adage did not apply here, Plaintiff simply has fallen far short of establishing any facts necessary to prove a constructive discharge. Therefore, Defendant is entitled to summary judgment on Plaintiff's constructive discharge claim.

    **2.**    **Plaintiff's Retaliation Claim**

To establish her Title VII or § 1981 retaliation claims, Plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is a causal connection between the two events. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th

Cir. 2008) (applying the same three-part test to retaliation claims under § 1981 and Title VII). Plaintiff's EEOC charge satisfies the first prong of this test.

In order for an action by an employer to satisfy the second prong of the prima facie case, "'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse.'" *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 337 (11th Cir. 2011) (quoting *Burlington N. & Santa Fe Rv. Co. v. White*, 548 U.S. 53, 68 (2006)). Given the current state of the pleadings, the court cannot hold as a matter of law that Plaintiff has not stated a plausible retaliation claim under *Burlington's* "more relaxed" measure of what constitutes actionable conduct. See, e.g., *Crawford*, 529 F.3d at 973. Therefore, Defendant's motion to dismiss Plaintiff's retaliation claims is due to be denied.

For the foregoing reasons, the court concludes that Defendant's Motion to Dismiss (Doc. # 6) is due to be granted in part and denied in part. The Motion to dismiss Counts I and II of Plaintiff's Complaint is due to be granted. Plaintiff's constructive discharge claims are due to be dismissed with prejudice. In all other respects, the Motion is due to be denied. An order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ___3rd___ day of February, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE